IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLINT N. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 08-1365 |
| v. | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| DELP FAMILY POWDER COATINGS, INC., *et al.*, | ) | |
| | ) | ECF No. 58 |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM ORDER ON PLAINTIFF'S MOTION TO STRIKE**

Currently pending before the Court is Plaintiff's Motion to Strike (ECF No. 58) in regard to certain statements made in Defendants' Response to Plaintiff's Concise Statement of Material Facts Regarding Motion for Summary Judgment and Defendants' Concise Statement in Opposition (ECF No. 54).

Local Rule 56 of the Local Civil Rules of Court for the Western District of Pennsylvania sets forth the requirements with regard to concise statements of material fact and responsive concise statements. LCvR 56.B.1 & 56.C.1. Pursuant to Local Rule 56, a concise statement of material facts shall (1) include facts essential for the court to decide the motion for summary judgment which the moving party contends are undisputed and material; (2) state each material fact in separately numbered paragraphs; and (3) support each statement of fact by a citation to the particular pleading, deposition, answer to interrogatory, admission on file, or other part of the record supporting such statement, acceptance or denial of the material fact. LCvR 56.B.1. With regard to a responsive concise statement, Local Rule 56 mandates that the opposing party: (1) admit or deny whether each fact contained in the moving party's concise statement of material fact is undisputed and/or material; (2) set forth the basis for the denial if any fact in the moving

party's concise statement is not admitted in its entirety; and (3) provide citation to the particular pleading, deposition, answer to interrogatory, admission on file, other part of the record that supports the opposing party's denial of any fact denied in whole or in part. LCvR 56.C.1.a & b. In addition, the party opposing summary judgment is required to set forth in separately numbered paragraphs any other material facts that are allegedly at issue and/or necessary for the court to rule on the motion for summary judgment. LCvR 56.C.1.c. If the moving party elects to file a reply to the opposing party's submission, said reply shall conform to the requirements set forth in Local Rule 56.C. LCvR 56.D.

"The purpose of Local Rule 56.1 is to aid the court in deciding a motion for summary judgment by identifying material facts and supporting documentation to determine whether or not the fact is disputed." *Bouriez v. Carnegie Mellon Univ.,* No. Civ.A. 02-2104, 2005 WL 2106582, *3 (W.D.Pa. Aug. 26, 2005) (citing W.D.L.R. 56.1);[1] *see also Markham v. White,* 172 F.3d 486, 490 (7th Cir. 1999) (the local summary judgment rules "assist the court by organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence"). A district court that insists on compliance with Local Rule 56 acts well within its discretion. *Ziller v. Emerald Art Glass,* Civ.A.No. 05-82, 2006 WL 2853976, *1 (W.D.Pa. Oct. 4, 2006) (citations omitted).

In his motion to strike (ECF No. 58), Plaintiff seeks to strike Defendants' Response to Plaintiff's Concise Statement of Material Facts Regarding Motion for Summary Judgment and Defendants' Concise Statement in Opposition (ECF No. 54)[2] on three grounds. Initially,

---

[1] The Local Rules of Court for the Western District of Pennsylvania were amended effective December 1, 2009. W.D.L.R. 56.1 is now codified at LCvR 56.

[2] ECF No. 54 is actually comprised of two parts—Defendants' Response to Plaintiff's Concise Statement of Material Facts, hereinafter referred to as "Defendants' Response," and Defendants' Concise Statement in Opposition, hereinafter referred to as "Defendants' Concise Statement."

Plaintiff contends that Defendants' Response includes impertinent matter, including accusations of "false citation," and specifically points to paragraph 4 of Defendants' Response as an example. Plaintiff submits that Defendants' frequent use of impertinent matter in their Response should be stricken and Defendants ordered to file an amended response without the gratuitous attacks. In response, Defendants deny that their Response contains impertinent matter, accusations of "false citation," or false accusations, and submit that contrary to the mandate of Local Rule 56 B.1, in paragraph 4 of Plaintiff's Concise Statement of Material Facts (ECF No. 51), Plaintiff "falsely represents" that paragraph 10 of Defendants' Answer (ECF No. 21) supports formation of a lease agreement in February 2002.

In light of Local Rule 56 cited above, the Court has reviewed the parties' submissions and has determined that Plaintiff's argument lacks merit. Plaintiff's Concise Statement of Fact in paragraph 4 reads: "In February of 2002, Clyde Delp paid $500.00 from personal funds to commence the lease for the Lewis Building. <u>Defs.' Answer</u> (Docket No. 21), ¶10. <u>Dep. N. Lewis</u>, Exhibit 16." Defendants' Response to paragraph 4 admits that Clyde Delp, acting as incorporator for Defendant, Delp Family Powder Coatings, Inc., tendered $500.00 cash as hand money to Plaintiff's agent, Nick Lewis, but denies that the $500 was from personal funds or that said hand money formed or commenced a lease, and further states: "Plaintiff's statement at paragraph 4 is in direct violation of the requirements contained within LCvR 56(B)(1) and <u>misrepresents</u> [emphasis added] Paragraph 10 of said *Answer*." The Court's own review of Defendants' Answer at paragraph 10 reveals that paragraph 10 of Defendants' Answer supports Defendants' Response to paragraph 4. Moreover, as Plaintiff has not identified any other specific instances of "flagrant use of unsupported invectives" other than to allege generally that Defendants used impertinent matter frequently in their Response, the Court finds no basis for granting Plaintiff's request to strike the Defendants' Response in its entirety.

Second, Plaintiff moves to strike a portion of Defendants' Response to paragraphs 7, 8 and 33, in which Defendants falsely accuse Plaintiff of submitting to this Court a paper that "intentionally" fails to identify "Mr. Lewis." Specifically, Plaintiff seeks to strike the following assertion from Defendants' Response to paragraphs 7, 8 and 33: "Interestingly, Plaintiff at Paragraph 7 [, 8 and 33] fails to identify 'Mr. Lewis,' no doubt intentionally." (Defs.' Resp., ¶¶ 7, 8, 33). Contrary to Defendants' Response to paragraphs 7, 8 and 33, Plaintiff points to the introductory paragraph to his Concise Statement of Material Facts (ECF No. 51), wherein he explicitly states that the reference to "Mr. Lewis" throughout means the Plaintiff, Clint N. Lewis. Accordingly, Plaintiff contends Defendants' Response to paragraphs 7, 8 and 33 contain false invectives that should be stricken. In response to this argument, Defendants deny that their Response contains false accusations and submit that testimony exists in the record to show that (1) they had no knowledge of Plaintiff, Clint Lewis, until months after formation of the lease, and (2) Nick Lewis reduced the rent for the first six months of the lease based upon the lack of electrical and gas services to the property. In addition, Defendants submit that they were mandated to set forth the basis of their denial of facts by Local Rule 56.C.1.b. The Court agrees with Plaintiff and will order that the last sentence of Defendants' Response to paragraphs 7, 8 and 33 be stricken. The Court finds that the objectionable sentence contains inappropriate commentary and opinion, is devoid of fact and supporting citation, and will order it stricken.

Finally, Plaintiff moves to strike in its entirety Defendants' Concise Statement on the bases that it is not concise, is not limited to statements of fact, does not enumerate material facts, and simply lists testimony and documents rendering meaningful response impossible without substantial additional time, cost and expense (Defs.' Resp. at pp. 14-20). Defendants respond by denying Plaintiff's assertion, and proffering that they were merely complying with the mandate set forth in Local Rule 56.C.1.b which requires that the party opposing summary judgment set

4

forth the basis of any denial of fact. Defendants attribute Plaintiff's request to strike Defendants' Concise Statement to his counsel's frustration over his inability to comprehend the legal standards governing summary judgment. Notwithstanding this last inappropriate comment by Defendants' counsel, the Court finds no merit to Plaintiff's argument.

It appears that, in essence, Plaintiff is objecting to the phrasing used by Defendants in enumerating their Concise Statement in Opposition, referring to each numbered statement as "testimonial snippets" consisting of nothing more than a cursory statement that a witness "testified."[3] Although Defendants' Concise Statement may not be in the format that Plaintiff's counsel desires, there is nothing unusual or improper with Defendants' format or phraseology. Therefore, the Court finds that Defendants' Concise Statement is capable of being responded to without significant additional effort on Plaintiff's part. The simple solution is for Plaintiff to admit (or deny) that the witness so testified, and then admit or deny the factual substance of the testimony. If Plaintiff denies the substance of the factual statement, citation to specific evidence in the record supporting such denial is required.

Plaintiff advances several other objections to Defendants' Concise Statement, none of which has any merit. Plaintiff submits that the sheer number of concise statements, 66, belies the definition of "concise." However, Plaintiff has failed to provide any explanation or authority in support of this objection. The Court is not aware of any limit as to the number of factual statements imposed by rule or otherwise; rather the Local Rule requires only that each separately numbered statement be concise.

Plaintiff also contends that Defendants are required to posit undisputed facts yet their

---

[3] The dispute here boils down to a disagreement over how each party has construed deposition testimony of some of the parties. This dispute could have been avoided by merely quoting the relevant testimony, with a citation to where in the record such testimony can be found (e.g., page and lines of deposition; paragraphs in an affidavit).

Response contains nothing more than efforts to dispute Plaintiff's facts. This argument also lacks merit. There is nothing improper in the party opposing summary judgment attempting to demonstrate that material issues of fact exist which preclude summary judgment. *See* Local Rule 56.C.1.a & b. Plaintiff's construction of Local Rule 56 would *require* Defendants to agree with Plaintiff's version of the facts. Nothing in either Local Rule 56 or Federal Rule of Civil Procedure 56 requires such a concession.

Finally, the Court is unable to discern Plaintiff's point in paragraph 13 of its motion to strike. Plaintiff asserts that Defendants' Concise Statement in Opposition should identify additional material facts with appropriate citations to the record, and that a mere list of citations undermines the purpose of requiring the opposing party to identify material facts in a concise manner. The Court has reviewed Defendants' Concise Statement (ECF No. 54, at pp. 14-20), and finds that it does not consist merely of a list of citations, and in fact, Defendants appear to have sufficiently complied with Local Rule 56.C.1.c. Accordingly, the Court will deny Plaintiff's motion to strike Defendants' Concise Statement in Opposition.

In closing, the Court is compelled to make the following admonishment. The purpose of a concise statement of material facts and responsive concise statement under Local Rule 56 is to provide a mechanism by which courts can expeditiously determine what, if any, material facts are in dispute. In the case at bar, the parties seem to have lost sight of this purpose and instead have engaged in a war of semantics loaded with inappropriate comments.[4] Involving the Court in matters that should be resolved among counsel in a civil manner is an ineffective use of the Court's time and resources. Moreover, interspersing opinions, commentary and/or arguments with facts in the concise statements and responsive concise statements is inappropriate and best

---

[4] Indeed, the dispute has escalated to accusations of false statements by counsel in violation of Rule 3.3 of the Pennsylvania Rules of Professional Conduct. *See* Defendants' Motion to Strike

left to the analysis section of counsels' briefs. Personal attacks, however, are never appropriate in any court filing.

Therefore, for the reasons set forth above, the Court enters the following Order:

**AND NOW,** this 15th day of September , 2010, in consideration of Plaintiff's Motion to Strike (ECF No. 58) Defendants' Response to Plaintiff's Concise Statement of Material Facts Regarding Motion for Summary Judgment and Defendants' Concise Statement in Opposition, and the response filed thereto, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (ECF No. 58) is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff's Motion to Strike (ECF No. 58) is **GRANTED** with respect to the last sentence of paragraphs 7, 8 and 33 of Defendants' Response to Plaintiff's Concise Statement of Material Facts (ECF No. 54) and Defendants are Ordered to file an amended response deleting this sentence from paragraphs 7, 8 and 33 on or before September 20, 2010. Plaintiff's Motion to Strike (ECF No. 58) is **DENIED** in all other respects.

By the Court:

_____
LISA PUPO LENIHAN
United States Magistrate Judge

cc: All Counsel of Record
*Via Electronic Mail*

---

False Evidence (ECF No. 63, ¶¶ 8-11).